## HOLLOWAY vs. STEAMBOAT WESTERN BELLE.

The St. Louis Court of Common Pleas has jurisdiction of actions of trespass against boats.

## ERROR to St. Louis Court of Common Pleas.

HILL & HART, *for Plaintiff in error.*

*Question.*—Has the Common Pleas of St. Louis county jurisdiction in actions of trespass against boats and vessels?

1. The 2 sec. of act entitled, "Court of Common Pleas of St. Louis county," p. 315, Rev. C., 1845, enacts, *"that the Court of Common Pleas shall have concurrent original jurisdiction* in all civil actions at law with the Circuit Court." And in 2 subdivision—*"concurrent original jurisdiction with the* Circuit Court *in all actions founded on contract* by and against boats and vessels." This act was approved 27th February, 1847.

By this act there is a general grant of jurisdiction in all civil cases, and a special grant in certain actions against boats. There is no limitation of the jurisdiction.

2. The 3 sec. of the act entitled, "Boats and Vessels," p. 181, R. C., 1845, and the 2 sec. of same act taken together, *expressly confer jurisdiction* on the Court of Common Pleas in actions "for damages, for injuries done to persons or property by such boat or vessel." This act was approved 26th March, 1845.

3. If there is any conflict in the two acts, the last one passed must govern. See sec. 12, art. Laws, p. 697, R. C. 1845.

4. The act concerning "Boats and Vessels," having been approved last, expressly confers the jurisdiction, if it was *denied by the first act,* and as in the first act there is a general grant of jurisdiction concurrent with the Circuit Court, there is no doubt that the Common Pleas have jurisdiction by the 2nd and 3rd sections of the act concerning boats and vessels, and the judgment shouldbe reversed.

*Holloway* vs. *Steamboat Western Belle.*

RANNELS, *for Defendant in error.*

The only question presented by the record in the case, is, whether on the 25th April, 1846, the St. Louis Court of Common Pleas had jurisdiction of a case against a steamboat in actions not founded on contract.

1. The St. Louis Court of Common Pleas is a court of limited and restricted jurisdiction, and not of general jurisdiction. It is not established by the Constitution of the State, but by statute. See State Constitution, art. 5, and Code of 1845, p. 314, and following.

It therefore has no jurisdiction except that only that is given by the statute creating it.

By that statute the St. Louis Court of Common Pleas at the commencement of this suit had concurrent original jurisdiction with the Circuit Court, only in actions founded an contract by and against boats and vessels. See Code of 1845, p. 315, sec. 2, and second subdivision.

But this is not an action founded on a contract, but is an action substantially of trespass. It is an action therefore of which the Common Pleas could have no jurisdiction.

2. No jurisdiction of this action was given to the Common Pleas by the act concerning boats and vessels. See Code of 1845, p. 181, sections 1 and 3.

The first section fixes the classes of cases in which boats may be sued as defendants by name. And the third section merely points out the courts to which parties may resort for the purpose of proceeding against a boat as defendant by name. This section says, a party may resort to the Circuit Court and to the Common Pleas; and the 23rd section says, he may also resort to a justices' court when the demand does not exceed a certain amount. The object of the act is not at all to fix the jurisdiction of the several courts above named, or either of them, but merely to point out courts in which boats might be proceeded against by name.

By giving the construction that I contend for, to these two acts above referred to, they both have full effect given to them. For on the hypothesis that the Common Pleas has no jurisdiction in cases like the present not founded on contract, yet still boats may be sued by name as defendants in a multitude of cases in the Common Pleas, and thus the 3rd section of the act regulating boats and vessels, has full effect given to it.

But by giving the opposite construction, that is, that the Common Pleas has jurisdiction of all kinds of actions against boats and vessels, then the 2nd clause of the 2nd section of the act establishing the Court of Common Pleas is nullified and can have no effect.

McBRIDE, J., *delivered the opinion of the Court.*

James Holloway brought an action of trespass in the Common Pleas of St. Louis, against the steamboat Western Belle, by complaint for an injury done to a flatboat by the said steamboat, the flatboat belonging to the said plaintiff. The defendant demurred to the complaint, and the demurrer being sustained and judgment rendered thereon in favor of the defendant, the plaintiff has brought the case here by writ of error.

The only question presented is, has the Court of Common Pleas of St. Louis county, jurisdiction in actions of trespass against boats and vessels?

By an act of the General Assembly of this State, entitled, "An act to establish a Court of Common Pleas in the county of St. Louis," approved 27th February, 1845, R. C., 314, sec. 2, the jurisdiction of said court is defined. By the second sub-division of said section, the Court of Com-

mon Pleas has "concurrent original jurisdiction with the Circuit Court in all actions founded on contract by and against boats and vessels." Had there been no further legislation on the subject, no question could have arisen, for obviously the jurisdiction claimed in this case is not given by the foregoing provision. But when the legislature undertake to prescribe a summary remedy against boats and vessels, and give to creditors, and persons injured by them, a lien thereon, they declare that, "every boat and vessel used in navigating the waters of this State, shall be liable and subject to a lien in the following cases: *Fourth*, 'For all demands, &c., and for damages for injuries done to persons or property by such boat or vessel.'"

Sec. 3. "Every person claiming the benefit of a lien, &c., may commence his suit, &c., by filing a complaint, &c., with the clerk of the Circuit Court of the county in which the boat or vessel may be found; and in St. Louis county the suit may also be commenced by filing the complaint with the clerk of the Court of Common Pleas."

This manner of conferring jurisdiction, where a new remedy is given by statute, is not uncommon, and we can see no valid objection to it.

This latter act was approved on the 26th day of March, 1845, R. C., 1845, p. 181, and if there be any conflict between its provisions and the former act defining the jurisdiction of the Court of Common Pleas, it must control this last named act, having been approved one month subsequent.

The Court of Common Pleas erred in sustaining the demurrer, and the other Judges concurring herein, its judgment is reversed and the cause remanded.